UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12293-GAO

VILLAGE PIZZA HOUSE, INC.,
Plaintiff,

v.

EIC AGENCY, LLC,
Defendant.

OPINION AND ORDER
March 26, 2014

O'TOOLE, D.J.

I. **Background**

This case, alleging claims under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), the Lanham Act, 15 U.S.C. § 1125(a), and the Massachusetts consumer protection statute, Mass. Gen. Laws ch. 93A § 11, arises out of a dispute involving the defendant's alleged attempt to collect and ultimate collection of a fee to release a specific internet domain name to the plaintiff. The defendant has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (dkt. no. 9).

The complaint alleges that, from 2004 to early 2010, the defendant provided internet hosting services for the plaintiff's website. The defendant was paid approximately $500 per year for this service. In early 2010, the plaintiff notified the defendant that it intended to discontinue the defendant's services. The defendant then demanded a $500 fee to return the domain name, villagepizzahouse.com, to the plaintiff. The plaintiff refused to pay the fee. The complaint alleges that the defendant thereafter engaged in certain conduct in an effort to compel the plaintiff to pay the demanded $500 fee, including posting advertisements for competing pizza

businesses on the villagepizzahouse.com website, changing the physical address listed on the website to that of a competing pizza business in the area, and altering menu prices. In 2013, the plaintiff paid a compromise fee of $300 to the defendant to obtain possession of and shut down the villagepizzahouse.com domain name. The defendant has moved to dismiss the Complaint.

## II. Failure to Comply with Local Rules

At the outset, the defendant's motion to dismiss fails to comply with this Court's local rules, which require that "[a] party filing a motion shall at the same time file a memorandum of reasons, *including citation of supporting authorities*, why the motion should be granted." LR. 7.1(b)(1) (emphasis added). The defendant's motion does not cite to any relevant case law, not even the standard motion to dismiss citations to Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) or Ashcroft v. Iqbal, 556 U.S. 662 (2009). The defendant's only citation is to an unrelated WIPO Arbitration and Media Center decision ("WIPO"), which has no binding effect on federal courts. See Sallen v. Corinthians Licenciamentos LTDA, 273 F.3d 14, 26 (1st Cir. 2001). As this Court has previously stated, the failure to cite to relevant supporting authorities "is reason enough to deny" a defendant's motion to dismiss. Bose BV v. Zavala, No. 09-11360-GAO, 2010 WL 152072, at *1 (D. Mass. Jan. 14, 2010); *see* LR. 1.3.

## III. Motion to Dismiss

Even if the defendant's motion complied with this Court's local rules, it must also be denied on substantive grounds.

The defendant's motion argues that the Complaint should be dismissed for two reasons: first, because the 2013 compromise payment of $300 was an accord and satisfaction; and, second, because a prior arbitration decision by WIPO supports the defendant's initial request of a $500 fee to release the domain name.

2

First, the defendant's argument that the 2013 compromise payment of $300 was an accord and satisfaction must be rejected. Accord and satisfaction is an affirmative defense, where the burden of proof rests on the defendant. Rust Engineering Co. v. Lawrence Pumps Inc., 401 F.Supp. 328, 333 (D. Mass. 1975). Considering only the information contained in the complaint, as this Court must do on this motion to dismiss, there are no definitively ascertainable facts to establish this defense with certitude. See SBT Holdings, LLC v. Town of Westminster, 547 F.3d 28, 36 (1st Cir. 2008).

Second, the defendant's argument regarding the WIPO arbitration decision in Amy's Orchids v. EIC, No. D2009-0466 (2009) must also be rejected. Amy's Orchids did not involve the plaintiff in this case and has no precedential value before this Court. See Corinthians Licenciamentos LTDA, 273 F.3d at 26.

## IV. Conclusion

For the reasons stated herein, the defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (dkt. no. 9) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge